## ABNER PAINE *versus* HENRY J. McGLINCHY.

The lessor of a shop verbally agreed with the lessee that the latter might have the use of certain chattels belonging to the former, in the shop, during the continuance of the lease. When the lease expired, the lessee carried away the chattels, claiming them as his own, whereupon the lessor sued him in *indebitatus assumpsit* for goods sold and delivered; — *Held*, that the action was not maintainable.

ON EXCEPTIONS to the ruling of GODDARD, J., in the superior Court.

ASSUMPSIT on an account annexed.

On April 12, 1867, the plaintiff leased a shop with certain fixtures to the defendant, and on the same day sold him certain articles, (then in the shop, but not mentioned in the lease,) for $180. The defendant paid to the plaintiff one year's rent, and moved out June 2, 1868, taking with him certain articles, (named among others in the account annexed,) which were in the shop when the lease was executed. These latter named articles were never returned by the defendant, but were claimed by him as being of the articles sold for the $180. The plaintiff contended that they were not included in the sale, but that he verbally agreed, at or about the time of the execution of the lease, that the defendant might use them in the shop until the expiration of the lease.

The presiding Justice found, as matter of fact, that the articles in controversy were, at the time of executing the lease, the property of the plaintiff; and that they were not sold, but the use of them loaned to the plaintiff until the expiration of the lease. And, as matter of law, the presiding Justice ruled, *pro forma*, that the plaintiff may recover in this action the value of the articles so received and retained by the defendant. To this ruling the plaintiff alleged exceptions.

*J. W. Symonds*, for the plaintiff, cited 2 Greenl. on Ev., § 108, and cases cited; 1 Hill. on Torts, 47, 48; 3 Phill.

on Ev., (C. H. & E's notes,) 404; *Howe* v. *Clancey*, 53 Maine, 132; *Balch* v. *Patten*, 45 Maine, 41, unlike case at bar; *Hill* v. *Davis*, 3 N. H., 384.

*W. L. Putnam*, for the defendant.

APPLETON, C. J. — The defendant is sued for goods sold and delivered. The case finds that the defendant purchased certain articles of the plaintiff and borrowed certain others, which, after the termination of the bailment, he retained. In other words, he borrowed certain articles which he did not return, as he expressly or impliedly promised to do. The presiding Justice ruled, *pro forma*, that the defendant having retained the goods loaned beyond the period for which they were thus loaned, might be treated as their purchaser, and gave judgment for their value. In this we think he erred. The defendant was liable upon his contract of bailment. There was no occasion to imply one which did not exist, when there was one which did. It does not appear that the defendant appropriated the articles loaned to his own use, or that he sold them or otherwise disposed of them. If he has violated the rights of the plaintiff, resulting from the contract of bailment, he is responsible upon such contract for its breach. If he has been guilty of a tort, he may be held to answer in the appropriate form of action, but there is nothing in the facts proved from which a sale of the articles loaned can be implied.

It was held in *Hopkins* v. *Megquire*, 35 Maine, 78, where goods and chattels have been tortiously converted and sold, and the money received from such sale, that the party injured might recover the proceeds. But when nothing more than a wrongful conversion is shown, the owner of the goods converted cannot recover as for their sale. Such has ever been the result of the authorities in this State. Such, too, have been the decisions in Massachusetts, in *Jones* v. *Hoar*, 5 Pick., 285; *Ladd* v. *Rogers*, 11 Allen, 209; and in *Glass Co.* v. *Walcott*, 2 Allen, 227. So, too, in New Hampshire, it is held, that when goods are wrongfully taken

or detained, the former owner cannot waive the tort and maintain assumpsit for the goods. *Smith* v. *Smith*, 43 N. H., 236; *Woodbury* v. *Woodbury*, 47 N. H., 11.

*Exceptions sustained.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.